IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION, ROCKFORD

| | |
|---|---|
| IMT INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.: 08-CV-50016 |
| | ) |
| MADISON JAMES, INC. d/b/a | ) |
| BACKSTREET BAR AND RESTAURANT, | ) |
| an Illinois corporation, and STEVEN TROY, | ) |
| Individually, and on behalf of a class, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT STEVEN TROY'S ANSWER TO
COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant STEVEN TROY, by and through his attorneys, EDELMAN, COMBS, LATTURNER & GOODWIN, LLC, answers Plaintiff IMT INSURANCE COMPANY's complaint for declaratory judgment as follows:

**FACTS COMMON TO ALL COUNTS**

**I. JURISDICTION**

1.      This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). There is complete diversity between plaintiff, IMT INSURANCE COMPANY ("IMT"), an insurance company incorporated in the State of Iowa, with its principal place of business in West Des Moines, Iowa, and defendants, MADISON JAMES, INC. d/b/a BACKSTREET BAR AND RESTAURANT ("MADISON JAMES"), an Illinois corporation, with its principal place of business in Galena, Illinois, and STEVEN TROY ("TROY"), an Illinois resident.

**ANSWER:** Admit.

  2.  This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because an actual controversy exists between the parties to declare IMT's rights under its Policy of insurance for MADISON JAMES, including whether IMT has a duty to defend or indemnify MADISON JAMES for a lawsuit now pending in the United States District Court for the Northern District of Illinois entitled *Steven Troy, individually and on behalf of a class v. Madison James, Inc. d/b/a Backstreet Bar and Restaurant and Does 1-10*, No. 07 C 5394 (N.D. Ill.) ("the Underlying Lawsuit").

**ANSWER:** Admit**.**

  3.  The amount in controversy is in excess of $75,000, exclusive of interest and costs. The Underlying Lawsuit seeks class certification for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). The FACTA prohibits a defendant from printing on a cash register receipt more than the last five digits of a credit/debit card number and also prohibits printing the card's expiration date. 15 U.S.C. § 1681c(g). For a willful violation, the FACTA allows a court to award plaintiffs their actual damages or damages of not less than $100 and not more than $1,000. 15 U.S.C. § 1681n(a)(A). In the Underlying Lawsuit, TROY proposes to represent a class of "over 100 persons to whom Madison James provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both." In the Underlying Lawsuit, TROY seeks a judgment in favor of him and the class for statutory damages of $100 to $1,000

per violation, attorney's fees, litigation expenses and costs, and for such other relief as the court deems proper, including punitive damages. Thus, the amount in controversy is $1,000 (the maximum award per violation) multiplied by 100 (the minimum size of the class) or $100,000, in addition to the expense of IMT providing a legal defense to MADISON JAMES in the Underlying Lawsuit.

**ANSWER:**  Admit.

## II. VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(a), because MADISON JAMES is a "resident" of this District as defined by 28 U.S.C. § 1391(c) because it is an Illinois corporation with its principal place of business in Galena, Illinois. Further, the facts giving rise to this coverage dispute over IMT's duty to defend or indemnify MADISON JAMES for the Underlying Lawsuit occurred within this District. Further, IMT's insurance policy over which this declaratory judgment action is based was issued to MADISON JAMES in this District.

**ANSWER:**  Admit.

## III. PARTIES

5.      Plaintiff IMT is an insurance company duly licensed in the State of Illinois to issue policies of insurance to members of the public and in that capacity issued to MADISON JAMES a business owners' policy No. BOG6258 in force from April 1, 2007 to April 1, 2008 ("the 2007/2008 IMT Policy").

**ANSWER:**  Admit.

6.      At all relevant times hereto, defendant, MADISON JAMES, was an Illinois corporation. Its registered agent and office is Sarah E. Kluesner, 10911 Golf View Drive, Galena, Jo Daviess County, Illinois.  Its principal place of business is 216 S. Commerce Street, Galena, Jo Daviess County, Illinois, wherein it operated the Backstreet Bar and Restaurant ("the Restaurant").

**ANSWER:**  Admit.

7.      At all relevant times hereto, STEVEN TROY was a resident of Joliet in the State of Illinois (" TROY").

**ANSWER:**  Admit.

8.      TROY, individually and on behalf of a class, is named as an as indispensable party to this Complaint for Declaratory Judgment.  To the extent he agrees individually and in his representative capacity to be bound to the outcome of this coverage litigation by stipulation, IMT would agree to dismiss him voluntarily as a defendant.

**ANSWER:**  Troy admits to the extent he is an indisputable party.  Troy does not, however, wish to be dismissed as a defendant.

## IV.  THE UNDERLYING LITIGATION

9.      On or about September 24, 2007, defendant, STEVEN TROY, Individually and on behalf of a class (referred to sometimes, collectively, as "Underlying Plaintiff"), filed a single-count  Complaint - Class Action, in the U.S. District Court, for the Northern District of Illinois, Eastern  Division, under Docket No. 07-C-5394 entitled, *Troy v. Madison James, Inc. etc., et al.* ("the Underlying Lawsuit"), which was amended on November 5, 2007 and named as

a defendant, MADISON JAMES, along with DOES 1-10 (hereinafter, "the Underlying Complaint"). A copy of the Underlying Complaint is attached hereto as Exhibit "A."

**ANSWER:** Denied as to the original caption of the Underlying Lawsuit. The Underlying Lawsuit was originally filed as *Troy v. Backstreet, Inc. and Does 1-10*. The Complaint was amended on November 5, 2008 to reflect Madison James, Inc. as the proper defendant. Otherwise, admitted.

10. In the Underlying Complaint, TROY, Individually, recited certain facts pertaining to his payment as a customer at the Restaurant on September 9, 2007, wherein he received a computer-generated cash register receipt which displayed his credit card expiration date. (¶ 19 of Underlying Complaint). TROY further claims that this transaction, which occurred in Illinois after December 4, 2006, constituted a violation of Section 1681c of the FACTA by MADISON JAMES. The Underlying Complaint goes on to assert that TROY is bringing the Lawsuit on behalf of the class of persons whom MADISON JAMES also provided such receipt(s) in violation of FACTA.

**ANSWER:** Admit.

11. Significantly, the Underlying Complaint specifically alleged that MADISON JAMES "willfully disregarded FACTA's requirements." (¶¶ 11, 74 of Underlying Complaint). The Underlying Complaint then cites to Section 1681n of FACTA, which provides that a "willful" violation of the Act requires damages to the consumer in the amount equal to their actual damages *or* damages of not less than $100 and not more than $1,000, and also allows for punitive damages, attorney's fees and costs. 15 U.S.C. § 1681n.

**ANSWER:** Admit.

12. The prayer for damages contained in the Underlying Complaint sought only statutory damages of $100 to $1,000 per violation, attorney's fees, costs and punitive damages.

**ANSWER:** Denied. The Underlying Complaint sought statutory damages of $100 to $1,000 per violation, attorney's fees, costs and such other and further relief as the Court may deem proper, including punitive damages.

13. On October 5, 2007, MADISON JAMES transmitted the Underlying Complaint to IMT through Goodman Insurance Services, seeking a defense and indemnification under the IMT Policy.

**ANSWER:** Defendant Troy lacks information sufficient to form a belief as to the allegations contained in this paragraph 13.

14. On November 6, 2007, IMT, through its retained coverage counsel, sent a preliminary written disclaimer to MADISON JAMES wherein it advised MADISON JAMES that it was completing its analysis and investigation, but anticipated it would be denying any coverage under the IMT Policy for the Underlying Complaint, including any duty to defend. Said letter recommended that MADISON JAMES retain counsel to protect its interests, and advised that IMT would be filing a declaratory judgment action so that a court could resolve the present coverage dispute.

**ANSWER:** Defendant Troy lacks information sufficient to form a belief as to the allegations contained in this paragraph 13.

15. By so filing this Complaint for Declaratory Judgment, IMT further puts MADISON JAMES on formal notice of this disclaimer of its reasons for denying coverage under the IMT Policy for the Underlying Complaint, including any duty to defend.

**ANSWER:** Admit.

## V. THE INSURANCE POLICY - 2007-2008

16. A certified copy of the 2007/2008 IMT Policy is attached hereto as Exhibit "B" and incorporated herein by reference. The 2007/2008 IMT Policy provides, in pertinent part, the following terms and conditions:

### COMMERCIAL LIABILITY COVERAGES

\* \* \*

### DEFINITIONS

\* \* \*

8. "Damages" means compensation in the form of "money" for a person who claims to have suffered an injury.
\* \* \*
19. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
a. oral or written publication of material, in any manner:
\* \* \*
3. that violates a person's right of privacy;
\* \* \*

### DEFENSE COVERAGE

Payments under this coverage are in addition to the "limits" for the Commercial Liability Coverage.

1. "We" have the right and duty to defend a suit seeking "damages" which may be covered under the Commercial Liability Coverage. "We" may make investigations and settle claims or suits "we" decide are appropriate.
\* \* \*

### EXCLUSIONS

"We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or

aggravate the loss, whether such causes or events act to product the loss before, at the same time as, or after the excluded event.

\* \* \*

**ADDITIONAL EXCLUSIONS THAT APPLY ONLY TO PERSONAL AND ADVERTISING INJURY**

1. "We" do not pay for "personal and advertising injury" arising out of willful violation of an ordinance, statute, or regulation by an "insured" or with the "insured's" consent.

**ANSWER:** Admit.

17. The 2007/2008 IMT Policy also contains a Punitive Damages Exclusion endorsement, which provides:

**PUNITIVE DAMAGES EXCLUSION
ILLINOIS**

The Commercial Liability Coverage is amended as follows:

**EXCLUSIONS**

The following exclusion is added:

"We" do not pay for punitive, exemplary, or vindictive "damages", except if a suit is brought against the "insured" regarding a claim for acts or alleged acts falling within the Commercial Liability Coverage, seeking both compensatory and punitive or exemplary "damages", the "we" will provide a defense without liability for such punitive or exemplary "damages".

**ANSWER:** Admit.

\* \* \*

**COUNT I**
*IMT v. MADISON JAMES*
**(SEVEN TROY, Individually)**

**I-V**

8

1-17.   IMT repeats and realleges paragraphs 1 through 17, inclusive, of the FACTS COMMON TO ALL COUNTS, and repeats same as paragraphs 1 through 17, inclusive, of this Count I, as if fully set forth herein.

**ANSWER:**  Defendant Troy incorporates his answers to ¶¶ 1 through 17 herein.

## VI.  THE INSTANT COVERAGE DISPUTE

### A.  IMT CONTENTIONS

18.   IMT contends it owes no coverage under the 2007/2008 IMT Policy to MADISON JAMES for any and all claims, losses, demands and damages asserted in the Underlying Complaint in behalf of STEVEN TROY, individually.  IMT's contentions are based upon the following premises:

   a.   The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES violated TROY's right of privacy, which is required under the definition of "Personal and Advertising Injury" under the Personal and Advertising Injury Liability part of the 2007/2008 IMT Policy;

   b.   The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES alleged act of giving its customer, STEVEN TROY, a computer-generated cash register receipt which displayed his own credit card expiration date amounted to a "publication" which is required under the definition of "Personal and Advertising Injury" under the Personal and Advertising Injury Liability part of the 2007/2008 IMT Policy;

   c.   Notwithstanding a. and b. above, any and all claims for relief, recovery and damages in the Underlying Complaint are the result of MADISON JAMES' willful violation of FACTA, and as such are specifically excluded under Additional Exclusion No. 1 ("Willful Violation of...Statute") of the Personal and Advertising Injury Liability part of the 2007/2008 IMT Policy;

   d.   Recovery, if any, under the Underlying Complaint pursuant to FACTA amounts solely to statutory penalties, and as such, are not "damages" under the 2007/2008 IMT Policy; and

  e. Any punitive damages sought in the Underlying Complaint are specifically excluded under the Punitive Damages Exclusion of the 2007/2008 IMT Policy.

**ANSWER:** Admit to the extent that these are IMT's contentions.

### B.  MADISON JAMES' CONTENTIONS

19. IMT does not know on what bases, under what terms of the 2007/2008 IMT Policy, or under what facts MADISON JAMES contends that it is entitled to coverage under the 2007/2008 IMT Policy for the allegations, claims, demands and losses alleged against it by TROY, individually, in the Underlying Complaint. IMT requests that MADISON JAMES set forth its reasons as to why it believes MADISON JAMES is entitled to coverage under the 2007/2008 IMT Policy for the Underlying Complaint in its Answer to this Complaint for Declaratory Judgment.

**ANSWER:** Defendant Troy lacks information sufficient to form a belief as to the allegations contained in this paragraph 19.

### JURISDICTION

20. An actual controversy exists between IMT and MADISON JAMES, and any other parties with an interest in the 2007/2008 IMT Policy, and by the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court is vested with the authority to declare the rights and obligations of the parties hereto and give such further relief as it deems just and proper under the circumstances. A declaratory judgment will serve a useful purpose in clarifying the various parties' rights and obligations under the 2007/2008 IMT Policy.

**ANSWER:** Admit.

## COUNT II
### *IMT v. MADISON JAMES*
### (STEVEN TROY, Representative of Class)

### I-VI

1-20. IMT repeats and realleges paragraphs 1 through 20, inclusive, of the FACTS COMMON TO ALL COUNTS and COUNT I, and repeats same as paragraphs 1 through 20, inclusive, of this Count II, as if fully set forth herein.

**ANSWER:** Defendant Troy incorporates his answers to ¶¶ 1 through 20 herein.

### VII. THE CLASS ACTION ALLEGATIONS

21. In the Underlying Complaint (paragraphs 21 through 27, inclusive), it is claimed that STEVEN TROY brings the Underlying Lawsuit in behalf of a purported class under Fed. R. Civ. P. 23(a) and (b)(3).

**ANSWER:** Admit.

22. Specifically, the class is identified as all persons to whom MADISON JAMES provided an electronically printed receipt at the point of sale or transaction in Illinois after December 4, 2006, which willfully violated FACTA.

**ANSWER:** Admit.

23. It is claimed in the Underlying Complaint that the class is so numerous that joinder of all individual members in one action would be not be practicable.

**ANSWER:** Admit.

24. It is claimed in the Underlying Complaint that since December 4, 2006, there are over 100 persons to whom MADISON JAMES provided an electronically printed receipt at the

point of sale of transaction that willfully violated FACTA.

**ANSWER:** Admit.

   25.  The Underlying Complaint seeks recovery in favor of the class members, through Underlying Plaintiff, STEVEN TROY, for statutory damages, attorneys' fees and punitive damages.

**ANSWER:** Admit.

### VIII.  THE IMT INSURANCE POLICY - 2006-2007

   26.  IMT issued a commercial general liability insurance policy to MADISON JAMES under policy No. BOG6258 with effective dates of April 1, 2006 to April 1, 2007 ("the 2006/2007 IMT Policy"), which was in effect on December 4, 2006.  A certified copy of the 2006/2007 IMT Policy is attached hereto as Exhibit "C" and incorporated herein by reference. The 2006/2007 IMT Policy provides, in pertinent part, the following terms and conditions:

**COMMERCIAL LIABILITY COVERAGES**

\* \* \*

**DEFINITIONS**

\* \* \*

  8.  "Damages" means compensation in the form of "money" for a person who claims to have suffered an injury.

\* \* \*

  19.  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
  a.  oral or written publication of material, in any manner:

\* \* \*

  3.  that violates a person's right of privacy;

\* \* \*

**DEFENSE COVERAGE**

Payments under this coverage are in addition to the "limits" for the Commercial Liability Coverage.

1. "We" have the right and duty to defend a suit seeking "damages" which may be covered under the Commercial Liability Coverage. "We" may make investigations and settle claims or suits "we" decide are appropriate.

\* \* \*

**EXCLUSIONS**

"We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to product the loss before, at the same time as, or after the excluded event.

\* \* \*

**ADDITIONAL EXCLUSIONS THAT APPLY ONLY TO PERSONAL AND ADVERTISING INJURY**

1. "We" do not pay for "personal and advertising injury" arising out of willful violation of an ordinance, statute, or regulation by an "insured" or with the "insured's" consent.

**ANSWER:** Admit.

27. The 2006/2007 IMT Policy also contains a Punitive Damages Exclusion endorsement, which provides:

**PUNITIVE DAMAGES EXCLUSION**
**ILLINOIS**

The Commercial Liability Coverage is amended as follows:

**EXCLUSIONS**

The following exclusion is added:

"We" do not pay for punitive, exemplary, or vindictive "damages", except if a suit is brought against the "insured" regarding a claim for acts or alleged acts falling within the Commercial Liability Coverage, seeking

13

>   both compensatory and punitive or exemplary "damages", the "we" will provide a defense without liability for such punitive or exemplary "damages".

**ANSWER:** Admit.

*   *   *

### THE INSTANT COVERAGE DISPUTE

### A.  <u>IMT CONTENTIONS</u>

28.  IMT contends it owes no coverage under the 2006/2007 IMT Policy and the 2007/2008 IMT Policy to MADISON JAMES for any and all claims, losses, demands and damages asserted in the Underlying Complaint by STEVEN TROY in behalf of any class and class members. IMT's contentions are based upon the following premises:

   a.  The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES violated TROY's and the class members' rights of privacy, which is required under the definition of "Personal and Advertising injury" under the Personal and Advertising Injury Liability part of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy;

   b.  The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES' alleged act in giving the customer, including STEVEN TROY and the class members, a computer-generated cash register receipt which displayed the customer's own credit card information amounted to a "publication", which is required under the definition of "Personal and Advertising Injury" under the Personal and Advertising Injury Liability part of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy;

   c.  Notwithstanding a. and b. above, any and all claims for relief, recovery and damages in the Underlying Complaint are the result of MADISON JAMES' willful violation of FACTA, and as such are specifically excluded under Additional Exclusion No. 1 ("Willful Violation of...Statute") of the Personal and Advertising Injury Liability part of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy;

   d.  Recovery, if any, under the Underlying Complaint pursuant to FACTA amounts solely to statutory penalties and claims, and as such, are not "damages" under the 2006/2007 IMT Policy and the 2007/2008 IMT Policy; and

    e.    Any punitive damages sought in the Underlying Complaint are specifically excluded under the Punitive Damages Exclusion of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy.

**ANSWER:** Admit to the extent that these are IMT's contentions.

### B. MADISON JAMES' CONTENTIONS

29. IMT does not know on what bases, under what terms of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy, or under what facts MADISON JAMES contends that it is entitled to coverage for the allegations, claims, demands and losses alleged against it in the Underlying Complaint. IMT requests that MADISON JAMES set forth its reasons as to why it believes MADISON JAMES is entitled to coverage under the 2006/2007 IMT Policy and the 2007/2008 IMT Policy as to Underlying Complaint in its Answer to this Complaint for Declaratory Judgment.

**ANSWER:** Defendant Troy lacks information sufficient to form a belief as to the allegations contained in this paragraph 29.

### JURISDICTION

30. An actual controversy exists between IMT and MADISON JAMES, and any other parties with an interest in the 2006/2007 IMT Policy and the 2007/2008 IMT Policy, and by the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court is vested with the authority to declare the rights and obligations of the parties hereto and give such further relief as it deems just and proper under the circumstances. A declaratory judgment will serve a useful purpose in clarifying the various parties' rights and obligations under the 2006/2007 IMT Policy

and the 2007/2008 IMT Policy.

**ANSWER:**  Admit.


Dated: March 27, 2008                    Respectfully submitted,

                                                    s/Zachary A. Jacobs
                                                    Zachary A. Jacobs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Attorneys for Steven Troy

**CERTIFICATE OF SERVICE**

I, Zachary A. Jacobs, hereby certify that on March 27, 2008 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| David A. Baugh | dbaugh@bcrattys.com |
| Gara M. Sliwka | gsliwka@bcrattys.com |
| David S. Allen | dallen@stellatoschwartz.com |
| Brian C. Bassett | bbassett@stellatoschwartz.com |
| Esther Joy Schwartz | eschwartz@stellatoschwartz.com |

s/ Zachary A. Jacobs<br>
Zachary A. Jacobs