IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION, ROCKFORD

| | |
|---|---|
| IMT INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MADISON JAMES, INC., d/b/a BACKSTREET ) <br> BAR AND RESTAURANT, an Illinois ) <br> corporation, and STEVEN TROY, individually ) <br> and on behalf of a class, ) <br> ) <br> Defendants. ) | Case No. 3:08-cv-50016 <br><br> Judge Frederick J. Kapala <br><br> Magistrate Judge Mahoney |

### DEFENDANT MADISON JAMES, INC. d/b/a BACKSTREET BAR AND RESTAURANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Defendant, Madison James, Inc. d/b/a Backstreet Bar and Restaurant, by and through its attorneys, Baugh, Carlson & Ryan, LLC, for its Answer to Plaintiff's Complaint for Declaratory Judgment (the "Complaint"), states as follows:

### FACTS COMMON TO ALL COUNTS

### I. JURISDICTION

1.  This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §13 32(a)(1). There is complete diversity between plaintiff, IMT INSURANCE COMPANY ("IMT"), an insurance company incorporated in the State of Iowa, with its principal place of business in West Des Moines, Iowa, and defendants, MADISON JAMES, INC. d/b/a BACKSTREET BAR AND RESTAURANT ("MADISON JAMES"), an Illinois corporation, with its principal place of business in Galena, Illinois, and STEVEN TROY ("TROY"), an Illinois resident.

**ANSWER:** The allegations contained in Paragraph 1 contain legal conclusions to which no answer is required.

2.  This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202 because an actual controversy exists between the parties to declare IMT's rights under its Policy of insurance for MADISON JAMES, including whether IMT has a duyy to defend

or indemnify MADISON JAMES for a lawsuit now pending in the United States District Court for the Northern District of Illinois entitled *Steven Tray, individually and on behalf of a class v. Madison James, Inc. d/b/a Backstreet Bar and Restaurant and Does 1-10*, No.07 C 5394 (N.D. Ill.) ("the Underlying Lawsuit").

**ANSWER:** The allegations contained in Paragraph 2 contain legal conclusions to which no answer is required.

3. The amount in controversy is in excess of $75,000, exclusive of interest and costs. The Underlying Lawsuit seeks class certification for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). The FACTA prohibits a defendant from printing on a cash register receipt more than the last five digits of a credit/debit card number and also prohibits printing the card's expiration date. 15 U.S.C. §1681c(g). For a willful violation, the FACTA allows a court to award plaintiffs their actual damages or damages of not less than $100 and not more than $1,000. 15 U.S.C. §1681n(a)(A). In the Underlying Lawsuit, TROY proposes to represent a class of "over 100 persons to whom Madison James provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both." In the Underlying Lawsuit, TROY seeks a judgment in favor of him and the class for statutory damages of $100 to $1,000 per violation, attorney's fees, litigation expenses and costs, and for such other relief as the court deems proper, including punitive damages. Thus, the amount in controversy is $1,000 (the maximum award per violation) multiplied by 100 (the minimum size of the class) or $100,000, in addition to the expense of providing a legal defense to MADISON JAMES in the Underlying Lawsuit.

**ANSWER:** The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, Madison James denies the allegations contained in Paragraph 3 of the Complaint. Further, the underlying

2

complaint speaks for itself.

## II. VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(a), because MADISON JAMES is a "resident" of this District as defined by 28 U.S.C. § 1391(c) because it is an Illinois corporation with its principal place of business in Galena, Illinois. Further, the facts giving rise to this coverage dispute over IMT's duty to defend or indemnify MADISON JAMES for the Underlying Lawsuit occurred within this District. Further, IMT's insurance policy over which this declaratory judgment action is based was issued to MADISON JAMES in this District.

**ANSWER:** The allegations contained in Paragraph 4 contain legal conclusions to which no answer is required.

## III.  PARTIES

5.      Plaintiff IMT is an insurance company duly licensed in the State of Illinois to issue policies of insurance to members of the public and in that capacity issued to MADISON JAMES a business owners' policy No. BOG6258 in force from April 1, 2007 to April 1, 2008 ("the 2007/2008 IMT Policy").

**ANSWER:** Madison James admits that it was issued insurance policiy No. BOG6258, and that the policy was in force from April 1, 2007 to April 1, 2008. Madison James is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6.      At all relevant times hereto, defendant, MADISON JAMES, was an Illinois corporation. Its registered agent and officer is Sarah E. Kluesner, 10911 Golf View Drive, Galena, Jo Daviess County, Illinois. Its principal place of business is 216 5. Commerce Street, Galena, Jo Daviess County, Illinois, wherein it operated the Backstreet Bar and Restaurant ("the Restaurant").

**ANSWER:** Madison James admits the allegations contained in Paragraph 6.

7.      At all relevant times hereto, STEVEN TROY was a resident of Joliet in the State

3

of Illinois ("TROY").

**ANSWER:** Madison James is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. TROY, individually and on behalf of a class, is named as an indispensable party to this Complaint for Declaratory Judgment. To the extent he agrees individually and in his representative capacity to be bound to the outcome of this coverage litigation by stipulation, IMT would agree to dismiss him voluntarily as a defendant.

**ANSWER:** Madison James is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

### IV. THE UNDERLYING LITIGATION

9. On or about September 24, 2007, defendant, STEVEN TROY, Individually and on behalf of a class (referred to sometimes, collectively, as "Underlying Plaintiff"), filed a single-count Complaint - Class Action, in the U.S. District Court, for the Northern District of Illinois, Eastern Division, under Docket No. 07-C-5394 entitled, *Troy v. Madison James, Inc. etc., et at* ("the Underlying Lawsuit"), which was amended on November 5, 2007 and named as a defendant, MADISON JAMES, along with DOES 1-10 (hereinafter, "the Underlying Complaint"). A copy of the Underlying Complaint is attached hereto as Exhibit "A."

**ANSWER:** Madison James admits the allegations contained in Paragraph 9 of the Complaint.

10. In the Underlying Complaint, TROY, Individually, recited certain facts pertaining to his payment as a customer at the Restaurant on September 9, 2007, wherein he received a computer-generated cash register receipt which displayed his credit card expiration date. (¶19 of Underlying Complaint). TROY further claims that this transaction, which occurred in Illinois after December 4, 2006, constituted a violation of Section 1681 c of the FACTA by MADISON JAMES. The Underlying Complaint goes on to assert that TROY is bringing the Lawsuit on behalf of the class of persons whom MADISON JAMES also provided such receipt(s) in

4

violation of FACTA.

**ANSWER:** Madison James admits that Troy filed a complaint in Federal Court alleging a violation of FACTA by Madison James. Madison James further states that the underlying complaint speaks for itself.

11. Significantly, the Underlying Complaint specifically alleged that MADISON JAMES "willfully disregarded FACTA's requirements." (¶¶ 11, 74 of Underlying Complaint). The Underlying Complaint then cites to Section 168 In of FACTA, which provides that a "willful" violation of the Act requires damages to the consumer in the amount equal to their actual damages *or* damages of not less than $100 and not more than $1,000, and also allows for punitive damages, attorney's fees and costs. 15 U.S.C. § 1681n.

**ANSWER:** Madison James states that the underlying complaint speaks for itself.

12. The prayer for damages contained in the Underlying Complaint sought only statutory damages of $100 to $1,000 per violation, attorney's fees, costs and punitive damages.

**ANSWER:** Madison James admits the allegations contained in Paragraph 12 and further states that the underlying complaint speaks for itself.

13. On October 5, 2007, MADISON JAMES transmitted the Underlying Complaint to IMT through Goodman Insurance Services, seeking a defense and indemnification under the IMT Policy.

**ANSWER:** Madison James admits the allegations contained in Paragraph 13.

14. On November 6, 2007, IMT, through its retained coverage counsel, sent a preliminary written disclaimer to MADISON JAMES wherein it advised MADISON JAMES that it was completing its analysis and investigation, but anticipated it would be denying any coverage under the IMT Policy for the Underlying Complaint, including any duty to defend. Said letter recommended that MADISON JAMES retain counsel to protect its interests, and advised that

IMT would be filing a declaratory judgment action so that a court could resolve the present coverage dispute.

**ANSWER:** Madison James admits that it received a letter from IMT denying its duty to defend the underlying complaint against Madison James.

15. By so filing this Complaint for Declaratory Judgment, IMT further puts MADISON JAMES on formal notice of this disclaimer of its reasons for denying coverage under the IMT Policy for the Underlying Complaint, including any duty to defend.

**ANSWER:** Madison James admits being served with this Complaint and receiving notice that IMT is denying coverage for the underlying complaint.

### V. THE INSURANCE POLICY - 2007-2008

16. A certified copy of the 2007/2008 IMT Policy is attached hereto as Exhibit "B" and incorporated herein by reference. The 2007/2008 1MT Policy provides, in pertinent part, the following terms and conditions:

**COMMERCIAL LIABILITY COVERAGES**

\* \* \*

**DEFINITIONS**

\* \* \*

8. "Damages" means compensation in the form of "money" for a person who claims to have suffered an injury.

\* \* \*

19. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. oral or written publication of material, in any manner:

\* \* \*

    3. that violates a person's right of privacy;

\* \* \*

6

**DEFENSE COVERAGE**

Payments under this coverage are in addition to the "limits" for the Commercial Liability Coverage.

1. "We" have the right and duty to defend a suit seeking "damages" which may be covered under the Commercial Liability Coverage. "We" may make investigations and settle claims or suits "we" decide are appropriate.

\* \* \*

**EXCLUSIONS**

"We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to product the loss before, at the same time as, or after the excluded event.

\* \* \*

**ADDITIONAL EXCLUSIONS THAT APPLY ONLY TO PERSONAL AND ADVERTISING INJURY**

1. "We" do not pay for "personal and advertising injury" arising out of willful violation of an ordinance, statute, or regulation by an "insured" or with the "insured's" consent.

**ANSWER:** Madison James admits that the language of the policy is cited in Paragraph 16 of the Complaint. Madison James further states that the language of the policy speaks for itself.

17. The 2007/2008 IMT Policy also contains a Punitive Damages Exclusion endorsement, which provides:

**PUNITIVE DAMAGES EXCLUSION**
**ILLINOIS**

The Commercial Liability Coverage is amended as follows:

**EXCLUSIONS**

The following exclusion is added:

"We" do not pay for punitive, exemplary, or vindictive "damages", except if a suit is brought against the "insured" regarding a claim for acts or alleged acts failing within the Commercial Liability Coverage, seeking both compensatory and punitive or exemplary "damages", the "we" will provide a defense without liability for such punitive or exemplary "damages".

\* \* \*

**ANSWER:** Madison James states that the policy speaks for itself.

## COUNT I
## *IMT v. MADISON JAMES*
## (SEVEN TROY, Individually)

### I-V

1-17.    IMT repeats and realleges paragraphs I through 17, inclusive, of the FACTS COMMON TO ALL COUNTS, and repeats same as paragraphs I through 17, inclusive, of this Count I, as if fully set forth herein.

**ANSWER:**  For its response to Paragraph 1 through 17, Madison James restates and incorporates its answers to the allegation contained in Paragraphs 1 through 17 of the Complaint, as if fully set forth herein.

### VI.   THE INSTANT COVERAGE DISPUTE

#### A.   IMT CONTENTIONS

18.    IMT contends it owes no coverage under the 2007/2008 IMT Policy to MADISON JAMES for any and all claims, losses, demands and damages asserted in the Underlying Complaint in behalf of STEVEN TROY, individually. IMTs contentions are based upon the following premises:

    a.    The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES violated TROY's right of privacy, which is required under the definition of "Personal and Advertising Injury" under the Personal and Advertising Injury Liability part of the 2007/2008 IMT

8

Policy;

b. The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES alleged act of giving its customer, STEVEN TROY, a computer-generated cash register receipt which displayed his own credit card expiration date amounted to a "publication" which is required under the definition of "Personal and Advertising Injury" under the Personal and Advertising Injury Liability part of the 2007/2008 IMT Policy;

c. Notwithstanding a. and b. above, any and all claims for relief recovery and damages in the Underlying Complaint are the result of MADISON JAMES' willful violation of FACTA, and as such are specifically excluded under Additional Exclusion No. 1 ("Willful Violation of...Statute") of the Personal and Advertising Injury Liability part of the 2007/2008 IMT Policy;

d. Recovery, if any, under the Underlying Complaint pursuant to FACTA amounts solely to statutory penalties, and as such, are not "damages" under the 2007/2008 IMT Policy; and

e. Any punitive damages sought in the Underlying Complaint are specifically excluded under the Punitive Damages Exclusion of the 2007/2008 IMT Policy.

**ANSWER:** Madison James denies each and every allegation contained in paragraph 18 of the Complaint to the extent that IMT directs any of those allegations against Madison James. Further, Paragraph 18 of the Complaint states legal conclusions to which no response is required.

### B. MADISON JAMES' CONTENT1ONS

19. IMT does not know on what bases, under what terms of the 2007/2008 IMT Policy, or under what facts MADISON JAMES contends that it is entitled to coverage under the 2007/2008 IMT Policy for the allegations, claims, demands and losses alleged against it by TROY, individually, in the Underlying Complaint. IMT requests that MADISON JAMES set forth its reasons as to why it believes MADISON JAMES is entitled to coverage under the 2007/2008 IMT Policy for the Underlying Complaint in its Answer to this Complaint for Declaratory Judgment.

**ANSWER:** In response to IMT's allegation that it is unaware of the bases under which Madison James declares that it is entitled to coverage, Madison James denies the truth of such allegations and that IMT does not know the basis under which Madison James declares that it is entitled to coverage. Madison James further denies each and every other remaining allegation contained in Paragraph 19.

## JURISDICTION

20. An actual controversy exists between IMT and MADISON JAMES, and any other parties with an interest in the 2007/2008 IMT Policy, and by the terms and provisions of 2S U.S.C. § 2201 and 2202, this Court is vested with the authority to declare the rights and obligations of the parties hereto and give such further relief as it deems just and proper under the circumstances. A declaratory judgment will serve a useful purpose in clarifying the various parties' rights and obligations under the 2007/2008 IMT Policy.

**ANSWER:** Paragraph 20 of the Complaint states legal conclusions to which no response is required.

## COUNT II
### *IMT v. MADISON JAMES*
### (STEVEN TROY, Representative of Class)
### I-VI

1-20. IMT repeats and realleges paragraphs 1 through 20, inclusive, of the FACTS COMMON TO ALL COUNTS and COUNT I, and repeats same as paragraphs 1 through 20, inclusive, of this Count II, as if fully set forth herein.

**ANSWER:** Madison James restates and incorporates its answers to the allegations contained in paragraphs 1 through 20 of the Complaint, as if fully set forth herein.

## VII. THE CLASS ACTION ALLEGATIONS

21. In the Underlying Complaint (paragraphs 21 through 27, inclusive), it is claimed that STEVEN TROY brings the Underlying Lawsuit in behalf of a purported class under Fed. R. Civ. P. 23(a) and (b)(3).

**ANSWER:** In response to the allegations contained in Paragraph 21. Madison James states that the underlying complaint speaks for itself.

22. Specifically, the class is identified as all persons to whom MADISON JAMES provided an electronically printed receipt at the point of sale or transaction in Illinois after December 4, 2006, which willfully violated FACTA.

**ANSWER:** In response to the allegations contained in Paragraph 22, Madison James states that the underlying complaint speaks for itself.

23. It is claimed in the Underlying Complaint that the class is so numerous that joinder of all individual members in one action would be not be practicable.

**ANSWER:** In response to the allegations contained in Paragraph 23, Madison James states that the underlying complaint speaks for itself.

24. It is claimed in the Underlying Complaint that since December 4, 2006, there are over 100 persons to whom MADISON JAMES provided an electronically printed receipt at the point of sale of transaction that willfully violated FACTA.

**ANSWER:** In response to the allegations contained in Paragraph 24, Madison James states that the underlying complaint speaks for itself.

25. The Underlying Complaint seeks recovery in favor of the class members, through Underlying Plaintiff, STEVEN TROY, for statutory damages, attorneys' fees and punitive damages.

**ANSWER:** In response to the allegations contained in Paragraph 25, Madison James states that the underlying complaint speaks for itself.

### VIII. THE IMT INSURANCE POLICY - 2006-2007

26. IMT issued a commercial general liability insurance policy to MADISON JAMES under Policy No. BOG6258 with effective dates of April 1, 2006 to April 1, 2007 ("the 2006/2007 IMT Policy"), which was in effect on December 4, 2006. A certified copy of the 2006/2007 IMT Policy is attached hereto as Exhibit "C" and incorporated herein by reference. The 2006/2007 IMT Policy provides, in pertinent part, the following terms and conditions:

### COMMERCIAL LIABILITY COVERAGES

\* \* \*

### DEFINITIONS

\* \* \*

8. "Damages" means compensation in the form of "money" for a person who claims to have suffered an injury.

11

* * *

19. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. oral or written publication of material, in any manner:

   * * *

   3. that violates a person' right of privacy;

   * * *

### DEFENSE COVERAGE

Payments under this coverage are in addition to the "limits" for tie Commercial Liability Coverage.

1. "We" have the right and duty to defend a suit seeking "damages" which may be covered under the Commercial Liability Coverage. "We" may make investigations and settle claims or suits "we" decide are appropriate.

   * * *

### EXCLUSIONS

"We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to product the loss before, at the same time as, or after the excluded event.

* * *

### ADDITIONAL EXCLUSIONS THAT APPLY ONLY TO PERSONAL AND ADVERTISING INJURY

1. "We" do not pay for "personal and advertising injury" arising out of willful violation of an ordinance, statute, or regulation by an "insured" or with the "insured's" consent.

**ANSWER:** In response to the allegations contained in Paragraph 26, Madison James states that the policy speaks for itself and no response is therefore required.

27. The 2006/2007 IMTPolicy also contains a Punitive Damages Exclusion endorsement, which provides:

### PUNITIVE DAMAGES EXCLUSION
### ILLINOIS

The Commercial Liability Coverage is amended as follows:

### EXCLUSIONS

The following exclusion is added:

"We" do not pay for punitive, exemplary, or vindictive "damages", except if a suit is brought against the "insured" regarding a claim for acts or alleged acts falling within the Commercial Liability Coverage, seeking both compensatory and punitive or exemplary "damages", the "we" will provide a defense without liability for such punitive or exemplary "damages".

\* \* \*

**ANSWER:** In response to the allegations contained in Paragraph 27, Madison James states that the policy speaks for itself and no response is therefore required.

### THE INSTANT COVERAGE DISPUTE

#### A. <u>IMT CONTENTIONS</u>

28. IMT contends it owes no coverage under the 2006/2007 IMT Policy and the 2007/2008 IMT Policy to MADISON JAMES for any and all claims, losses, demands and damages asserted in the Underlying Complaint by STEVEN TROY in behalf of any class and class members. IMT's contentions are based upon the following premises:

    a. The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES violated TROY's and the class members' tights of privacy, which is required under the definition of "Personal and Advertising injury" under the Personal and Advertising Injury Liability part of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy;

    b. The Underlying Complaint does not and can never show, under the facts and controlling, applicable law, that MADISON JAMES' alleged act in giving the

13

      customer, including STEVEN TROY and the class members, a computer-generated cash register receipt which displayed the customer's own credit card information amounted to a "publication", which is required under the definition of "Personal and Advertising Injury" under the Personal and Advertising Injury Liability part of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy;

c. Notwithstanding a. and b. above, any and all claims for relief, recovery and damages in the Underlying Complaint are the result of MADISON JAMES' willful violation of FACTA, and as such are specifically excluded under Additional Exclusion No. I ("Willful Violation of ..Statute") of the Personal and Advertising Injury Liability part of the 2006/2007 IMT Policy and the 2007/2008 IMT Policy

d. Recovery, if any, under the Underlying Complaint pursuant to FACTA amounts solely to statutory penalties and claims, and as such, are not "damages" under the 2006/2007 IMT Policy and the 2007/2008 IIv1T Policy; and

e. Any punitive damages sought in the Underlying Complaint are specifically excluded under the Punitive Damages Exclusion of the 2006/2007 IJVIT Policy and the 2007/2008 IMT Policy.

**ANSWER:** Madison James denies the allegations set forth in Paragraph 28.

### B. MADISON JAMES' CONTENTIONS

29. IMT does not know on what bases, under what terms of the 2006/2007 IMT Policy and the 2007/2008 IIv1T Policy, or under what facts MADISON JAMES contends that it is entitled to coverage for the allegations, claims, demands and losses alleged against it in the Underlying Complaint. IMT requests that MADISON JAMES set forth its reasons as to why it believes MADISON JAMES is entitled to coverage under the 2006/2007 IMT Policy and the 2007/2008 IMT Policy as to Underlying Complaint in its Answer to this Complaint for Declaratory Judgment.

**ANSWER:** In response to IMT's allegation that it is unaware of the bases under which Madison James declares that it is entitled to coverage, Madison James denies the truth of such allegations and that IMT does not know the basis under which Madison James declares that it is entitled to coverage. Madison James further denies each and every other remaining allegation contained in Paragraph 29.

### JURISDICTION

30. An actual controversy exists between IMT and MADISON JAMES, and any other parties with an interest in the 2006/2007 IMT Policy and the 2007/2008 IMT Policy, and by the

14

terms and provisions of 28 U.S.C. §2201 and §2202, this Court is vested with the authority to declare the rights and obligations of the parties hereto and give such further relief as it deems just and proper under the circumstances. A declaratory judgment will serve a useful purpose in clarifying the various parties' rights and obligations under the 2006/2007 IMT Policy and the 2007/2008 IMT Policy.

**ANSWER:** To the extent paragraph 30 states legal conclusions, no response is required to any such legal conclusion. To the extent that any response is required, Madison James denies each and every allegation contained in Paragraph 30 of the Complaint.

Respectfully Submitted,

MADISON JAMES, INC., d/b/a
BACKSTREET BAR AND
RESTAURANT, Defendants,

By: _____/s/ David A. Baugh
　　　One of Their Attorneys

David A. Baugh – ARDC No. 6182391
Gara M. Sliwka – ARDC No. 6290781
Baugh, Carlson & Ryan, LLC
55 W. Monroe Street, Suite 600
Chicago, IL 60603
312-759-1400

**CERTIFICATE OF SERVICE**

I, Gara M. Sliwka, an attorney herein, certify that a true and correct copy of the foregoing Agreed Motion For Extension of Time for Defendants to Answer or Otherwise Respond was caused to be served upon the following parties, by electronic means, this 27th day of March, 2008:

| | |
|---|---|
| David S. Allen: | dallen@stellatoschwartz.com |
| Brian C. Bassett: | bbassett@stellatoschwartz.com |
| Esther Joy Schwartz: | eschwartz@stellatoschwartz.com |
| Daniel A. Edelman: | dedelman@edcombs.com |
| Cathleen M. Combs: | ccombs@edcombs.com |
| James O. Latturner: | jlatturner@edcombs.com |
| Zachary A. Jacobs: | zjacobs@edcombs.com |

_/s/ Gara M. Sliwka_

David A. Baugh – ARDC No. 6182391
Gara M. Sliwka – ARDC No. 6290781
Baugh, Carlson & Ryan, LLC
55 W. Monroe Street, Suite 600
Chicago, IL 60606
312-759-1400